EDWARD LEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee v. Commissioner
Docket No. 16468-93
United States Tax Court
T.C. Memo 1994-266; 1994 Tax Ct. Memo LEXIS 265; 67 T.C.M. (CCH) 3079; June 9, 1994, Filed *265 An appropriate order granting respondent's motion to dismiss for lack of jurisdiction will be entered. For respondent: Roberta Duffy. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent has moved to dismiss this matter for lack of jurisdiction because the petition was not timely filed. Respondent mailed on April 29, 1993, a deficiency determination regarding petitioner's 1990 Federal income tax in the amount of $ 3,058. The petition, which was filed on July 29, 1993, was sent to this Court via DHL express delivery and was received by that shipper on July 28, 1993, and by the Court on July 29, 1993. Petitioner objects to the motion to dismiss on the ground that the deficiency notice was not sent to his last known address, and that he accidentally received it only a few days before the 90-day period expired. *266 Petitioner, who advised respondent that he was now residing in Houston, did not appear at the hearing in this matter, although he was in contact with respondent and understood that respondent's motion had been set for hearing. He did not contact the Court. It is well settled that in order to maintain an action in this Court there must be both a valid notice of deficiency and a timely filed petition. ; . Section 6213(a) provides that where a notice of deficiency authorized by section 6212 is addressed to a person within the United States, that person may within 90 days of the mailing of the notice file a petition with this Court for a redetermination of the deficiency. Section 6213(a) is a jurisdictional statute, and if the petition is not filed within the statutory time frame, this Court lacks jurisdiction over the matter. Section 6212(b)(1) provides that the mailing of a notice of deficiency to the taxpayer's "last known address" shall constitute sufficient notice. In effect, the statute provides a safe harbor for the Commissioner *267 under such circumstances. Generally, a taxpayer's "last known address" is the address to which, in light of all the surrounding facts and circumstances, the Commissioner reasonably believes the taxpayer wishes the notice of deficiency to be sent. . A taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change to the contrary. , affg. ; . The notice of deficiency was mailed on April 29, 1993, to petitioner at 8304 Via Sonoma 98, La Jolla, California 92037-2802 (the Sonoma address). Petitioner's 1991 return, filed on April 15, 1992, reflected the Sonoma address. On April 1, 1993, the office of the Internal Revenue Service in San Diego (San Diego office) interviewed petitioner regarding his 1991 taxes and completed a report that identified petitioner's address as 6048-A Cornerstone Court West, San Diego, CA 92121 (the Cornerstone address). *268 After April 1, 1993, the San Diego office sent all correspondence regarding petitioner's 1991 tax year to the Cornerstone address. Shortly thereafter, some 28 days later, on April 29, 1993, a different office of the Internal Revenue Service, that in Fresno, California (the Fresno office), mailed the notice of deficiency to petitioner at the Sonoma address regarding his 1990 tax year. The U.S. Postal Service Form 3849, certified receipt, indicates that the deficiency notice which was sent to the Sonoma address was received at the Cornerstone address on May 5, 1993, some 6 days after it was mailed. It had apparently been forwarded by the U.S. Postal Service to petitioner's Cornerstone address despite being addressed to the Sonoma address. Our first question, then, must be whether the Fresno office sent the deficiency notice to petitioner's "last known address" when it mailed the notice to the Sonoma address. The information available to the Fresno office at the time of mailing was based on petitioner's 1991 return, which showed the Sonoma address. The record does not state the address shown on petitioner's 1992 return, presumably filed on April 15, 1993, but petitioner contends *269 it showed the Cornerstone address. Even though the San Diego office had new information about petitioner's address, a reasonable period of time must be allowed to process the information within the Internal Revenue Service before knowledge of petitioner's new address can be imputed to the other office. See, e.g., , affg. . The short time period elapsing between petitioner's advice to the San Diego office of his new Cornerstone address and the time the Fresno office sent the notice of deficiency to the Sonoma address did not serve to impute knowledge to the Fresno office of the new address. Thus, we find that the deficiency notice was sent to petitioner's last known address. In any event, we are convinced that whether or not the notice was addressed to the last known address of petitioner, the mailing resulted in notice to petitioner without prejudicial delay. Accordingly, it meets the conditions of section 6212(a) no matter what address was used. , affg. ; *270 , affg. . Someone at the Cornerstone address signed the certified mail receipt for the deficiency notice on May 5, 1993, only 6 days after its mailing. Petitioner thus had notice that a deficiency had been determined as of that date. There was sufficient time for petitioner to file his petition without prejudice within the 90-day period. The 90-day period for timely filing a petition with this Court expired on Wednesday, July 28, 1993, which date was not a legal holiday in the District of Columbia. The petition however was filed on July 29, 1993, the 91st day, by delivery to the Court by DHL. Ordinarily, a document is filed with this Court on the day it is received. There is, however, an exception to this rule set forth in section 7502(a)(1) which provides that if a document required under the revenue laws to be filed within a prescribed period is delivered by the U.S. Postal Service to the office with which it is required to be filed, the date of the U.S. Postal Service postmark stamped on the envelope shall be deemed to be the date of delivery *271 of the document. It is well settled that this provision is not applicable when delivery is made by a private delivery service rather than the U.S. Postal Service. ; . Accordingly, this Court lacks jurisdiction over this matter. We note petitioner is not without a forum in which to question the deficiency notice. Petitioner may pay the tax, file a claim for refund, and then, if denied, bring an action for refund in the U.S. District Court or in the Court of Federal Claims. An appropriate order granting respondent's motion to dismiss for lack of jurisdiction will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩